BERT BIVENS *v*. THE STATE.

(*Knoxville.*   September Term, 1915.)

**FISH.   Preservation.   Statutes.   Implied repeal.**

Acts 1897, ch. 57, made it unlawful to explode dynamite in any
  stream, lake, or pond, and made any violation a felony.   Acts
  1907, ch. 489, made it unlawful to kill or wound by the use of
  dynamite any fish in any stream, lake, river, or pond, and
  made any violation a misdemeanor.   Defendant was convicted
  under a presentment under the 1897 statute.   *Held*, that the
  1897 act was impliedly repealed by that of 1907, so that no
  conviction under it could be sustained.

Acts cited and construed:   Acts 1897, ch. 57; Acts 1907, ch. 489.

FROM MONROE.

Appeal from the Circuit Court of Monroe County.
—S. E. BROWN, Judge.

J. D. PENLAND and E. E. IVENS, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General,
for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

The plaintiff in error was tried and convicted under
a presentment for dynamiting a stream inhabited by
fish, which presentment was under and closely followed
the language of Act 1897, ch. 57, which provided that
it shall be unlawful for any person to use, procure,
cause or assist in procuring the explosion of any dyna-

mite or any other explosive material whatever in any stream, lake or pond in this State.

The second section of that act made its violation a felony punishable by imprisonment in the penitentiary for not less than one year, or more than three years.

The jury found the accused guilty, but his punishment was in the judgment fixed to be a fine of $200, and imprisonment in jail for six months. This punishment was evidently meant to be that provided for by a later act now to be outlined.

The general assembly, by Act 1907, ch. 489, p. 1649, enacted a comprehensive statute for the protection and preservation of fish in this State, section 2 of which, in substance, provided: That it shall be unlawful for any person to kill or wound any fish in any of the streams, lakes, rivers or ponds in this State by dynamite, giant powder, etc.; and declaring a violation to be a misdemeanor, and, providing that upon conviction, a fine of $200 and imprisonment of not less than six months nor more than one year should be the punishment.

In this court, the able assistant attorney-general insists that, while this judgment, as to the punishment, was erroneous, it may and should be corrected in this court by the entry of a judgment here calling for the punishment fixed by the act of 1897—imprisonment for not less than one year in the penitentiary.

This is resisted by counsel for plaintiff in error, who insist that their client was presented for a violation of the earlier act, specifically, and not for killing or

wounding fish, that the act of 1907 operated to repeal that act by implication, and that the presentment cannot be referred to the later act. Therefore, it is urged, no conviction of the accused can be upheld.

It does appear that the act of 1897 made the use by explosion of dynamite in any stream of water a felony, while the statute passed ten years later made the killing or wounding of any fish by the use of dynamite a misdemeanor. May both acts stand, or was the earlier impliedly repealed by the later act?

As noted, the act of 1907 prescribed a comprehensive system for the protection of fish, inclusive of the protection thereof from being killed by dynamite. If both acts stand, we have the anomalous condition that for the explosion of dynamite that does not effect the death or wounding of fish a punishment for a felony is prescribed, whereas for a consummation of such attempt by an actual killing or wounding of fish a punishment for a misdemeanor is stipulated. We cannot impute such a result as one purposed by the legislature. Rather does it seem that by the later act, outlining a general and amplified system, the entire subject was intended to be covered, with result that the earlier statute was repealed by implication. We so hold.

The presentment not being under the act of 1907, or for the killing or wounding of fish, the result is that a conviction cannot be sustained by us. The presentment charged nothing denounced as an offense by any existing statute.

Reversed.